## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNEY McWILLIAMS, # M-25617,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-1223-MJR** |
| | ) | |
| **DR. SANTOS, DR. BUTAFED,** | ) | |
| **PENNY GEORGE, DR. SCHICK,** | ) | |
| **S.A. GODINEZ, RANDY DAVIS,** | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| **KELIN FIELDS, JESSICA DOE,** | ) | |
| **VICKI DOE, MARY DOE,** | ) | |
| **TRACY DOE, and MURPHY DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, who was formerly incarcerated at Vienna Correctional Center ("Vienna") where his claims arose, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was a prisoner at the time he filed this case, but has since been released on parole (Doc. 7). Plaintiff claims that Defendants Santos and Butafed, both physicians at Vienna, were deliberately indifferent to his serious medical condition.

More specifically, Plaintiff states that he suffers from severe and painful neck, back and limb problems. These include myelopathy, myomalacia, carpal tunnel, cervical spinal stenosis, spondylosis, extreme numbness, parosthesias and hyperalgesia in his lower legs, neuropathy in his feet, and bulging and desiccated discs in his back (Doc. 1, pp. 7, 9). Prior to his confinement at Vienna, he underwent a cervical fusion operation on his neck. He had been taking prescription medications for nerve pain in his neck, right arm, hands, feet, and legs. In

July 2012, Plaintiff's medications ran out.  Defendants Santos and Butafed refused to refill his prescriptions, and told Plaintiff that the only way he would get treatment would be to get an attorney (Doc. 1, p. 7).  Plaintiff was given no medication or other treatment since that time.

Plaintiff filed six grievances, but received no response.  His family complained to Defendant Schick (medical director), and sent Plaintiff's records to that office, to no avail.  Plaintiff also complains that he was required to pay $5.00 per month for medications.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Santos and Butafed for deliberate indifference to his serious medical needs.  However, the remaining Defendants shall be dismissed from the action.

Plaintiff does not allege that any Defendants other than Santos and Butafed were personally responsible for the refusal to issue his prescription medications.  Indeed, Plaintiff makes no mention whatsoever of Defendants George, Godinez, Davis, Wexford Health Services, Fields, or the four Doe Defendants in the body of his complaint.  Plaintiff lists these parties as Defendants (Doc. 1, pp. 1-2), but fails to include them elsewhere in the discussion of his claims or describe any conduct by any of them that might have violated his constitutional rights.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Further, merely invoking the name of a potential defendant is not sufficient to state a claim

against that party.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  For these reasons, Defendants George, Godinez, Davis, Wexford Health Services, Fields, Jessica Doe, Vicki Doe, Mary Doe, Tracy Doe, and Murphy Doe shall be dismissed from the action without prejudice.

As for Defendant Schick, Plaintiff states only that complaints about the denial of medical care were directed to his office.  He does not allege that Defendant Schick was in any way involved in the decisions on whether to provide him with prescription medication or other treatment.  The fact that a prison official or even a supervisor received complaints about the action or inaction of another individual does not create liability.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Thus, Plaintiff has no constitutional claim against Defendant Schick or any other Defendant whose only role was to investigate or respond to grievances and complaints.

Plaintiff's complaint over being charged a $5.00 medical co-payment also fails to state a constitutional claim.  *Poole v. Isaacs*, --- F.3d ----, 2012 WL 6720508, at *2 (7th Cir., Dec. 28, 2012) ( "the imposition of a modest fee for medical services, standing alone, does not violate the Constitution").  Plaintiff asserts that he should have been exempt from the co-payment because he suffers from a chronic illness (Doc. 9, p. 14).  However, such a claim is a matter of state law, and is not cognizable in a § 1983 action.  *Poole*, 2012 WL 6720508, at *3. Therefore, should Plaintiff wish to pursue this matter further, he must do so in state court.

**Filing Fee and *In Forma Pauperis* ("IFP") Status**

Plaintiff's motion to proceed IFP in this action has been granted, and he was ordered to pay an initial partial filing fee of $16.03 based on the information in his prison inmate trust account (Doc. 5). However, this payment has not yet been received by the Clerk of Court, and presumably Plaintiff has no funds remaining in his prison account since he has been released. Because Plaintiff filed this action while he was incarcerated, he remains obligated to pay the full $350 filing fee. 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"). Plaintiff's current released status does not change the fact that he was a prisoner when he filed this action. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id*.

Plaintiff is **ORDERED** to pay the initial partial filing fee of **$16.03** within **FIFTEEN (15) DAYS** of the entry of this Order (on or before **January 24, 2013**). This payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. Plaintiff's failure to pay this partial fee within the time allotted will result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *See generally Robbins*, 104 F.3d at 897-98 (because the money was in the plaintiff's prison account when he filed suit, dismissal for failure to adhere to the statutory scheme does not violate § 1915(b)(4), which provides that a case may continue even if the prisoner is unable to pay anything).

As discussed above, although Plaintiff remains obligated to pay the full filing fee, the collection mechanism contained in § 1915(b)(2) is inapplicable because Plaintiff no longer is

incarcerated.   Therefore, consistent with the dictates of *Robbins*, Plaintiff is **FURTHER ORDERED** to file, within **FIFTEEN (15) DAYS** of the entry of this Order, an affidavit containing the information required under § 1915(a)(1) to enable the Court to evaluate his current resources and determine whether to defer collection of the remainder of the unpaid fee in the amount of $333.97.  If such affidavit is not filed, or if it reflects that Plaintiff is not indigent, the remainder of the fee will be due immediately and, if not paid, this action will be dismissed. Should Plaintiff be incarcerated in the future, the collection mechanism established under § 1915(b)(2) shall apply to this payment obligation that Plaintiff incurred by filing this action.

The Clerk is **DIRECTED** to mail Plaintiff a blank motion and affidavit to proceed IFP along with his copy of this order.

## Pending Motion

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

## Disposition

Defendants **GEORGE,  GODINEZ,  DAVIS,  WEXFORD  HEALTH SERVICES, FIELDS, JESSICA DOE, VICKI DOE, MARY DOE, TRACY DOE,** and **MURPHY DOE** are **DISMISSED** from this action without prejudice.  Defendant **SCHICK** is **DISMISSED** with prejudice.

The Clerk of Court shall prepare for Defendants **SANTOS** and **BUTAFED**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 9, 2013**

 s/ MICHAEL J. REAGAN
United States District Judge